## MILFORD CHANDLER v. STATE.

No. A-6208.    Opinion Filed March 17, 1928.

(264 Pac. 924.)

Jas. A. Embry, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the state.

DOYLE, P. J.   On information charging that Milford Chandler did have possession of one-half gallon of corn whisky with the unlawful intent to sell the same, he was tried and convicted and his punishment assessed at a fine

of $50 and imprisonment in the county jail for 30 days. From the judgment rendered on the verdict, he appeals. The sole question presented is whether the evidence was sufficient to sustain the verdict.

The testimony of John Caruthers, chief of police of Stroud, is, in substance, that with Dick Knuckles, a deputy sheriff, they arrested the defendant about a mile north of Stroud; that at the time he was standing in the road with a quart of whisky in one hand and a half gallon in the other. The whisky so seized was identified and introduced in evidence. On cross-examination he stated that there was a lady with the defendant at the time and they arrested her also. Then the defendant stated that it was his whisky and they turned the lady loose.

As a witness in his own behalf the defendant testified that the lady came into the drug store at Stroud where he was working and asked him to go to the country with her in a car; that he went with her; that the whisky was in a gunny sack and he helped her put it into a fruit jar; that she did not tell him that she was going after whisky until they were out north of town; that he told the officers that it was his whisky in order to protect the girl.

The credibility of a witness may be impeached by proof that he has made statements relevant to the issues out of court contrary to what he has testified to at the trial.

It is obvious that the case was one for the consideration of the jury. The trial was in all respects fair, and we are unable to find anything in the record sufficient to warrant us in interfering with the verdict. The judgment is therefore affirmed.

EDWARDS and DAVENPORT, JJ., concur.